■ In the Matter of the Estate of ALFRED M. MARTIN, Also Known as BILLY MARTIN, Deceased. KELLY MARTIN-KNIGHT et al., Appellants; JILLUANN MARTIN, as Executor of ALFRED M. MARTIN, Deceased, and Trustee of the MARTIN LIVING TRUST, Respondent. [686 NYS2d 195] —Crew III, J. Appeal from an order of the Surrogate's Court of Broome County (Thomas, S.), entered April 1, 1998, which, *inter alia*, partially granted respondent's motion for summary judgment and granted a stay of further proceedings pending a final judicial settlement.

Alfred M. ("Billy") Martin (hereinafter decedent) and respondent were married in January 1988. On or about February 11, 1988, while a domiciliary of California, decedent executed his last will and testament, pursuant to the terms of which he bequeathed his entire estate to the trustees of the Martin Living Trust. The trust instrument, which decedent and respondent executed that same day, named decedent and respondent as trustees and provided, *inter alia*, that certain gifts were to be made to petitioners Billy Joe Martin (decedent's son), Kelly Martin-Knight (decedent's daughter) and Evie Sabini (decedent's granddaughter) in the event that decedent predeceased respondent. Specifically, decedent's son was to receive decedent's Rolex watch and gun collection, while decedent's daughter was to receive decedent's New York Yankees' pendant. Additionally, the proceeds of decedent's New York Yankees' contract were to be distributed equally to petitioners

and respondent, with the proceeds from decedent's interest in the Philmont Center Limited Partnership, the sale of Billy Martin Western Wear clothing and any royalties or other proceeds payable to decedent from any books that he had authored, except the book *Billy Ball*, to be distributed equally to respondent and decedent's son and daughter.

Following decedent's death in December 1989, petitioners commenced this proceeding seeking to compel respondent to turn over the enumerated bequests. Respondent answered and raised various affirmative defenses, including an assertion that decedent's estate was insolvent and that the assets bequeathed to petitioners were community property, thereby entitling respondent to a one-half interest therein. Thereafter, respondent moved to dismiss the petition pursuant to CPLR 3211 (1) and/or summary judgment pursuant to CPLR 3212 and, in the event such relief was not granted, a stay of further proceedings pending a final judicial settlement. Petitioners opposed such relief and, further, asserted that the former marital residence, located in Broome County, should be deemed to be community property.

Surrogate's Court thereafter found that although the former marital residence was not community property, the assets sought by petitioners in this proceeding qualified as such, thereby entitling respondent to a one-half interest therein. Additionally, Surrogate's Court determined that the gifts bequeathed to petitioners were available to the estate's creditors and granted respondent summary judgment dismissing the petition with prejudice as to the proceeds from the New York Yankees' contract, decedent's interest in the Philmont Center Limited Partnership, decedent's Rolex watch, which was stolen prior to decedent's death, and any royalties or other proceeds relating to books authored by decedent, finding that such assets either no longer were part of decedent's estate or had no monetary value. In so doing, Surrogate's Court ruled that petitioners were estopped from raising any issues relative to such assets upon the final accounting of decedent's estate. As to the remaining items (decedent's gun collection, the pendant and the proceeds from the sale of Billy Martin Western Wear clothing), Surrogate's Court reserved decision pending the final accounting. This appeal by petitioners ensued.

Initially, we reject petitioners' assertion that the assets in issue are beyond the reach of the estate's creditors. In this regard, EPTL 10-10.6 provides that "[w]here a creator reserves an unqualified power of revocation, he [or she] remains the absolute owner of the property disposed of so far as the rights

of his [or her] creditors or purchasers are concerned". Here, pursuant to article III of the subject trust, decedent and respondent each reserved the right to alter, amend or revoke the trust, in whole or in part, at any time. As decedent remained the owner of the property in question pursuant to the terms of the underlying trust, he could not evade his creditors by bequeathing such property to petitioners. Accordingly, in the event that decedent's estate actually is found to be insolvent, a determination which, in turn, must await a final accounting, decedent's creditors will be able to use any remaining assets, including the bequests set forth in the trust, to satisfy decedent's debts.*

The remaining arguments advanced by petitioners do not warrant extended discussion. Petitioners' assertion that the assets bequeathed to them are not community property is unavailing inasmuch as the trust plainly and unequivocally lists each of the contested items as community property in exhibit A thereto. Nor are we persuaded that Surrogate's Court erred in concluding that the former marital residence in Broome County was not community property and, hence, was not part of decedent's estate. Any presumption that the residence, acquired by decedent and respondent in September 1988 while domiciliaries of California, constituted community property was effectively rebutted by the terms of the deed itself, which recited that decedent and respondent held the property as tenants by the entirety (*see generally*, *Estate of Petersen*, 28 Cal App 4th 1742, 1747). Additionally, although the community property agreement executed by decedent and respondent in February 1988 provided, *inter alia*, that all real property "held of record in the name of both parties as individuals, or * * * hereafter acquired as joint tenants or as tenants-in-common, are so held for convenience only and are the community property of the parties", the agreement does not encompass property held as tenants by the entirety. Petitioners' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted respondent

---

* In this regard, we note that inasmuch as the final accounting has yet to occur, it was premature for Surrogate's Court to grant respondent summary judgment dismissing the petition with prejudice as to the value of the proceeds from the New York Yankees' contract, the Philmont Center Limited Partnership interest and any royalties or other proceeds due from books authored by decedent and, further, to estop petitioners from raising any issues as to the value of such assets upon the final accounting.

summary judgment and dismissed the petition with prejudice as to the value of the proceeds from the New York Yankees' contract, the Philmont Center Limited Partnership interest and any royalties or other proceeds due from books authored by decedent, and (2) estopped petitioners from raising any issue as to the value thereof upon the final accounting of decedent's estate; summary judgment as to such items denied; and, as so modified, affirmed.

